Samuels, J.
An indictment containing two counts, was found against Noah J. Burner, in the Circuit court of Shenandoah county. The first count alleged, “ that Noah J. Burner, on the first day of August 1854, at *779 his house in Powell’s Fort in the county aforesaid, did. keep an ordinary without obtaining a license to do so, contrary to the form of the statute in such case made and provided,” &c. The second count differs from the first only in alleging the keeping of the ordinary to have been on the second day of August 1 854, and from that time to the first day of September 1854. A separate demurrer was filed by the plaintiff in error to each count in the indictment, in which the attorney for the commonwealth joined; the plea of not guilty was also filed and issue made up thereon. The Circuit court overruled the demurrer to the first count, and sustained that to the second count. On the trial of the issue upon the first count the jury found the plaintiff guilty and assessed a fine of thirty dollars; and the court rendered a judgment for the fine. In the progress of the trial several exceptions were taken by the plaintiff to several opinions of the court; and the case is brought to this court to correct errors alleged to exist in the record.
The prosecution was had under the several provisions of the statutes, ch. 38, § 4, 9; and ch. 96, § 1 of the Code of Virginia.
It may be doubted whether the difference between the two counts in the indictment be such as to recjuire a different judgment upon the demurrers to them respectively ; the continuando in the second count could not have the effect of making the offense charged therein different from that charged in the first count; it should be regarded as mere surplusage, and did not vitiate, if the count would have been good without it. Code, ch. 207, § 11, p. 770. The commonwealth, however, was not prejudiced by the error herein, if it be error, as any conviction which could be had under the second count, may be had as well under the first count.
I was strongly inclined to doubt the sufficiency of *780 either count. It seemed to me that the specific facts famishing, for compensation, lodging or diet to a boarding in his house, or provender for a horse feeding in his stable or on his land, (except a drove of live stock and persons attending it,) and selling by retail wine or ardent spirits, or a mixture thereof, to be drunk in or at the place of sale, or such of these things as would constitute the keeping an ordinary, should be alleged to have been done by the plaintiff without license; that the facts themselves and not the conclusion of law upon them should have been alleged. A majority of the court, however, is of a different opinion, and hold that the indictment in the language of the statute creating the offense is sufficient, under many decisions of the late General court, and of the English courts. I therefore waive my doubts, and concur in holding that the demurrer to the first count was properly overruled.
Upon the trial of the issue the commonwealth offered evidence tending to prove that the plaintiff, at the time and place alleged in the indictment, had sold spirits to-be drunk there; and for compensation had furnished diet for persons and provender for horses without having a license to keep an ordinary. The plaintiff in error gave in evidence a license from the County court of Shenandoah to keep a house of private entertainment at the place and time in the indictment alleged.
Five several instructions from the court to the jury were prayed for by the plaintiff in error. Of these the first, second, third and fourth in substance propound the same proposition of law, to wit, that if the plaintiff had a license to keep a house of private entertainment, he could not be convicted for keeping an unlicensed ordinary, by proving the sale by him of spirits to be drunk at the house of private entertain-' ment, the place of sale, in addition to the furnishing, *781 for compensation, diet, lodging and provender at that place. These instructions, I think, propound the law correctly.
The statute, Code, ch. 96, § 1, declares who shall be deemed the keeper of an ordinary. To make up this character a person must for compensation furnish either diet or lodging to a person boarding in his house, or provender for a horse feeding in his stable or on his land; and also sell by retail wine or ardent spirits or a mixture thereof, to be drunk in or at the place of sale. The second section of the statute, ch. 96, declares who shall be deemed the keeper of a house of private entertainment. If he for a time not exceeding one month, if within, or not exceeding a week, if without a city or town, furnish for compensation lodging or diet to one boarding in his house, or provender for a horse feeding in his stable or on his land, except as aforesaid, he shall, if he be not the keeper of an ordinary, according to the preceding section, be deemed to keep a house of private entertainment, unless the place of furnishing the same, when without a city or town, be-more than eight hundred yards from a public road or highway. Thus it is seen the subjects of diet, or lodging or provender are common to both definitions. One or more of these subjects must be united to the sale of wine, &c. to be drunk, &c. to make an ordinary. It is of the essence of an ordinary that they be combined. If, however, a party have a license to furnish diet, lodging and provender as keeper of a house of private entertainment, he cannot be indicted for doing those things, or any of them : he is justified by law. Thus it seems that as to one part of the offense he cannot be found guilty; and the remaining part of the offense, the sale of wine, &c. to be drunk, &c. if proved, will not sustain an indictment for keeping an ordinary; but it will be an offense punishable under § 18, ch. 38 of the *782 Code. The law makers seemed to have intended to fix a gradation of offenses, and to graduate the punishment accordingly; the sale of wine, &c. without license, to be drunk at the place of, or elsewhere, is punished by a fine of thirty dollars; § 18 ; that of keeping unlicensed private entertainment by a fine not exceeding fifty dollars; § 9; that of keeping an unlicensed ordinary, which includes the less offense last above mentioned and also the sale of wine, &c. to be drunk, &c. by a fine not less than thirty nor more than one hundred dollars.
I am thus led to the conclusion that if the plaintiff had the license to keep the house of private entertainment, that in going beyond his license and selling wine, &c. to be drunk, &c. he did not incur the guilt of keeping an unlicensed ordinary.
It was said by the attorney general in the argument here, that as the first four instructions moved for by the plaintiff in error were in substance the same, and as the first and third were given as prayed for, the Circuit court was justified in refusing the second and fourth, because they had already been substantially given; and it would be an idle repetition to give them again. If the Circuit court had placed its refusal upon this ground, and had so informed the jury, there would have been no error of which complaint could be made. The court, however, by a simple refusal without more, left the jury to draw the obvious inference that the instructions refused did not state the law correctly; thus putting the jury in a condition to be misled by the rulings of the court. It is against the theory of trial by jury to confide to their sagacity the duty of extracting the law from contradictory rulings of the court.
However the case may stand in regard to any conflict of decisions on the plaintiff’s instructions, there can be no doubt that the one given at the instance of *783 the commonweath’s attorney, is in conflict with those given at the instance of the plaintiff. This instruction propounds the law to be that the furnishing diet, &c. and the sale of wine, &c. without an ordinary license, of themselves make the offense of keeping an unlicensed ordinary ; thus denying all effect whatever to the license to keep private entertainment in mitigating the offense: and this although the unlicensed furnishing diet did not take place. This instruction moreover mistakes the law to be that a sale of wine, &c. of itself, without regard to the place at which it is to be drunk, may form part of the offense of keeping an unlicensed ordinary; the statute in terms prescribes that such sale must be made to be drunk at the place of sale, or it does not enter into the definition of an ordinary.
I am of opinion to reverse the judgment, and award a new trial, upon which ■ the Circuit court shall conform to the law as herein declared.
The other judges concurred.
The judgment was as follows:
It seems to the court here, that the plaintiff should not have been convicted of keeping an ordinary without license, without proof of such and so many of the acts as would make him the keeper of an ordinary under the statute, Code, ch. 96, § 1. That if he had a license to keep a house of private entertainment at the time and place in the indictment alleged, he was authorized by law to furnish for compensation the diet, lodging and provender, as mentioned in § 2 of the same statute; and as the unlicensed furnishing of these things, or one or more of them, must concur with the unlicensed sale of liquors named in the first section, to complete the offense of keeping an unlicensed ordinary, the plaintiff could not be convicted *784 thereof, if he had a license to keep a house of private entertainment. Thus it seems to the court here, that the Circuit court erred in refusing to give the second and fourth instructions prayed for by the plaintiff, and that this error is not cured or obviated by the court’s giving the first and third instructions, of the same substance as the second and fourth, without informing the jury that the second and fourth instructions were refused for reasons other than error therein.
It further seems to the court here, that the Circuit court erred in giving the instruction moved for by the attorney for the commonwealth, as well because it is in conflict with the law as herein declared, as because it assumes that the unlicensed sale of liquor, without regard to the place where it is to be drunk, may enter into the offense of keeping an ordinary without license. Without deciding any other question made in the case, it is considered by the court that the judgment aforesaid be reversed and annulled; and it is ordered that the verdict of the jury be set aside, and the cause remanded to the Circuit court of Shenandoah county for a new trial to be had, upon which, if the evidence shall be substantially the same as that on the first trial, and the plaintiff shall again ask for the first, second, third and fourth instructions moved for on the first trial, the court directs that they be given; and that the instruction moved for by the commonwealth’s attorney be refused.